# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER, *et al.*,<br>    Plaintiffs,<br>    v.<br>INTERNAL REVENUE SERVICE, *et al.*,<br>    Defendants. | Civil Action No. 20-1544 (CKK) |

## ORDER
(February 16, 2021)

In this case, Plaintiffs challenge a set of regulations issued by the United States Department of Treasury and the Internal Revenue Service, which interpret the global intangible low-taxed income provisions in section 951A of the Internal Revenue Code. *See* Compl., ECF No. 1, ¶¶ 1, 38–44. Plaintiffs specifically request injunctive relief from these regulations because of an alleged violation of the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601 *et seq*. *See* Compl., ECF No. 1, ¶¶ 53–57. In response, Defendants have now moved to dismiss Plaintiffs' complaint, arguing in part that this Court lacks jurisdiction to adjudicate Plaintiffs' RFA claim. Defendants contend that "[w]hile Congress has authorized suits for judicial review under the RFA, the extent of its consent is limited to actions brought by 'small entities,'" and neither Plaintiff "qualifies as a 'small entity' within the scope of Congress's allowance of suits for judicial review under the RFA." Defs.' Mot. to Dismiss, ECF No. 9-1, at 1.

This identical jurisdictional question is currently at issue in an earlier-filed case, also brought by Plaintiffs under the RFA. *See Silver et al.* vs. *IRS et al.*, Case No. 19-cv-247 (APM) (D.D.C. 2019) ("*Silver I*"). In *Silver I*, the government argues in its pending summary judgment motion that neither Plaintiffs qualify as a "small entity" within the scope of the RFA and, therefore, the court in *Silver I* lacks jurisdiction. *See Silver I*, ECF No. 57-1, at 14–18. Accordingly,

Plaintiffs in this case now request that the Court "postpone addressing this issue," *i.e.,* whether the Court has jurisdiction under the RFA, "since the pending *Silver I* summary judgment motion addresses this exact matter." Pls.' Opp'n, ECF No. 10, at 12.

In light of the foregoing, the Court **STAYS** this action, pending a resolution of the cross-motions for summary judgment in *Silver I*. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) ("Th[e] power to issue a stay may be appropriately exercised where a separate proceeding bearing upon the case is pending."). Within **five business days** of a resolution of the cross-motions for summary judgment in *Silver I*, the parties shall file a joint status report notifying the Court.

**SO ORDERED.**

Dated: February 16, 2021

/s/  
COLLEEN KOLLAR-KOTELLY  
United States District Judge