IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-1544-CKK |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF RECENT SUPREME COURT DECISION

Plaintiffs submitted a notice of supplemental authority to draw the Court's attention to the Supreme Court decision in *CIC Services., LLC v. IRS*, 593 U.S. ___, 2021 WL 1951782 (May 17, 2021) (slip opinion attached). Their filing violated a local rule, *see* dkt. no. 19, they neglected to attach the opinion of which they were notifying the Court, and they have not corrected their filing as the Court requested. Nonetheless, the Government here addresses the import of the recent *CIC Services* opinion to which Plaintiffs refer.

Plaintiffs believe *CIC Services* establishes that this lawsuit about the GILTI tax regulations may proceed despite the Anti-Injunction Act ("AIA"). They are wrong. To be sure, the Plaintiff in *CIC Services* brought a pre-enforcement challenge to an IRS Notice, and Silver brings a pre-enforcement challenge to IRS regulations. But that is where the similarity ends.

*CIC Services* dealt with an information reporting requirement for "material advisors" that assist companies in setting up in-house (captive) insurers. As the Supreme Court explained, that reporting requirement was not for the purpose of determining or calculating a tax liability. Slip op. at 6. The information reporting requirement was just that, a requirement to report information. Failure to report was subject to penalty, but otherwise there was no tax liability

connected to the information return. *Id.* at 9-10. And the penalties were both civil tax penalties and criminal tax and non-tax penalties. *Id.* at 7, 13.

Furthermore, the reporting requirement challenged in *CIC Services* did not apply to CIC *as a taxpayer*. CIC was not self-reporting its own tax liability, but instead furnishing information that might help the IRS bring in future tax revenues from third parties. CIC itself "[stood] nowhere near the cusp of any tax liability," and indeed, the only pertinent tax consequence for CIC—in the form of a non-reporting penalty characterized as a tax—was far "downstream" of the requirement it challenged. *Id.* at. 11.

In this case, in contrast, Plaintiffs challenge regulations governing the self-reporting of taxable income—specifically the income tax on global intangible low taxed income ("GILTI")—and thus the calculation and assessment of taxes. The self-reporting of taxable income is tightly intertwined with tax assessment. *See* I.R.C. §§ 6011, 6201(a)(1), 6203. It is not a "reporting obligation" that is "separate and apart from [a] statutory tax." *CIC Services* at 10; *see also id.*, concurring op. by Sotomayor, J., at 1 ("[T]he answer might be different if CIC Services were a taxpayer instead of a tax advisor."). Therefore, relieving a taxpayer of the obligation to file a tax return with proper information on his GILTI would "not merely inhibit" but at least "to some degree stop[]" the IRS from accurately assessing income tax. *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 14. The Court in *CIC Services* assures us that, notwithstanding its decision, this disaster should *not* come to pass. *See CIC Services* at 13-14. So the Court reiterates, "[i]f the dispute is about a tax rule . . . the sole recourse is to pay the tax and seek a refund." *Id.* at 14.

Here we have just that: a dispute about a tax rule. Unlike in *CIC Services*, Silver can report and pay the income tax he owes on his global intangible low taxed income and then, as part of a tax refund suit, challenge the GILTI regulations to which he objects. And unlike in *CIC Services*, Silver cannot argue that he is forced to break the law (and face criminal penalties)

2

before he is able to challenge it.  *See id.* at 11-12.  Thus, *CIC Services* does not lift Plaintiffs past the AIA bar.

May 25, 2021

                                          Respectfully,

                                          DAVID A. HUBBERT
                                          Acting Assistant Attorney General

                                          */s/ Nishant Kumar*
                                          JOSEPH A. SERGI (D.C. Bar No. 480837)
                                          Senior Litigation Counsel
                                          LAURA M. CONNER (VA Bar No. 40388)
                                          NISHANT KUMAR (D.C. Bar No. 1019053)
                                          Trial Attorneys
                                          Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC 20044
                                          Tel: (202) 514-2986
                                          Fax: (202) 514-6866
                                          Nishant.kumar@usdoj.gov
                                          Joseph.a.sergi@usdoj.gov
                                          Laura.m.conner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                          */s/ Nishant Kumar*
                                          NISHANT KUMAR
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice