IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SILVER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-1544-CKK |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' NOTICE OF RECENT SUPREME COURT DECISION**

Defendants filed a notice of the recent Supreme Court decision in <u>CIC Servs., LLC v. Internal Revenue Serv.</u>, -- S.Ct. --, 2021 WL 1951782 (U.S. May 17, 2021) (ECF 19). Plaintiffs now submit this brief reply to Defendants' notice. Defendants contend that *CIC* is irrelevant for this litigation. Defendants are wrong. Not only is the *CIC* decision relevant, but it also compels the conclusion that the Anti-Injunction Act ("AIA") poses no obstacle to this case.

Unlike *CIC*, Plaintiffs here do not seek to invalidate any tax, making the inapplicability of the AIA all the more compelling in this case. In addition, as both the *CIC* court and the *Silver I* court ruled, the AIA does not apply where the case primarily involves a procedural challenge under the APA/RFA, not a challenge to a tax law or any tax liability.

*CIC* involved a pre-enforcement APA challenge to Defendants' Notice 2016-66. Plaintiffs there challenged the Notice which imposed significant compliance-related

obligations. If Plaintiffs were to prevail on the merits, the challenge would directly result in the invalidation of the Notice, including the tax/penalty it imposed for non-compliance.

Despite this, and as was the case in *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1 (2015), a unanimous *CIC* court ruled for the taxpayer and construed the AIA restrictively. In *CIC* the Court held that the "purpose" of the action was not tax related, hence the AIA did not apply. In establishing an objective test for "purpose," the Supreme Court considered three factors:

(1) First- the relief sought in the complaint. The Notice in *CIC* "impose[d] affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty". *CIC*, at 10. Here, the issue of purpose is irrelevant. The RFA does not provide for invalidation of any statute or Treasury action as a matter of law. In addition, "CIC's complaint mainly asserts that the IRS violated the APA by issuing the Notice without notice-and-comment procedures." *Id.*, at 4. Here, Plaintiffs seek the procedural safeguards of the RFA.

(2) Second- the *CIC* Court found that the reporting rule and the statutory tax/penalty were several steps removed. Once again, this factor has no relevance to the present litigation. In addition, Plaintiff Silver has not owed GILTI taxes to date, but Plaintiffs are harmed by the annual compliance of GILTI.

(3) Third- no alternative forum. In *CIC*, the only remedy available to Plaintiffs was to refuse to comply and then face serious civil and even criminal liability. As set forth in Plaintiffs' brief in opposition (ECF 10), Plaintiffs have no alternative venue either.

Last, the court addressed Defendants' "flood-gate" concerns but found that "the government, however, much overstates the possible consequences of today's ruling […] This suit falls outside the AIA because the injunction requested does not run against a tax at all." *Id*., at 13.  Such is the exact situation in the present action.

The conclusion is clear: Plaintiffs here do not not seek to invalidate any tax. Plaintiffs simply request that the government conform its actions in accordance with the RFA.  Under the *CIC* analysis above, the AIA does not pose any obstacle to proceed in this action. In fact, the circumstances surrounding this case make the *CIC* analysis even more compelling.

Respectfully submitted,

<u>Date</u>: June 2, 2021.

/s/ *Lawrence Marc Zell*

―――――――――――――――――――

Lawrence Marc Zell
Noam Schreiber, *of counsel*
**ZELL & ASSOCIATES INTERNATIONAL ADVOCATES LLC**
1345 Ave. of the Americas,
2nd Floor,
New York, NY 10105

*Counsel for Plaintiffs*