UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTE SILVER** and **MONTE SILVER, LTD.**, an Israel corporation<br><br>*Plaintiffs*<br><br>v.<br><br>**INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF THE TREASURY; CHARLES RETTIG**, in his official capacity as Commissioner of the Internal Revenue; and **JANET YELLEN**, in her official capacity as United States Secretary of the Treasury<br><br>*Defendants* | Civil Action No. 1:20-cv-1544 CKK |

### PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully move the Court to expedite its decision of Defendants' motion to dismiss ("Motion"), which has been fully briefed. Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel has discussed the relief sought in the Motion with government counsel. The government does not take a position on the relief sought.

There is good cause for promptly adjudicating the Motion because Plaintiffs - and an estimated 200,000 other small businesses and 1,000,000 shareholders[1] - continue to suffer on-

---

[1] *See* **Exhibit A**. This number excludes the vast number of U.S.-based small business that are similarly situated, some of which have supported this lawsuit.

1

going injury as a result of Defendants' failure to comply with their statutory obligations, as alleged in the Complaint.

There are no issues before the Court which prevent it from ruling on the Motion, thus allowing Plaintiffs to proceed with their case. Expediting a ruling on the Motion is essential because Plaintiffs and other similarly situated entities and individuals incur significant GILTI-related annual compliance costs and business-threatening double taxation. We note that in *Silver vs. IRS.*, case no. 19-cv-247 (APM) (D.D.C. 2019), the court denied Defendants' motion to dismiss, which was almost identical to the pending Motion.

Plaintiffs, supported by the above small business owners, proactively sought legislative relief. However, like the 9,000,000 Americans overseas whose voice is divided among fifty states, these business owners lacked representation. Their voices were ignored.

As discussed in the Complaint, both U.S. based - and U.S.-expat-small businesses were also unable to obtain regulatory relief from the GILTI tax. Such relief was only provided to the largest multinational companies due to their lobbying efforts.[2] Plaintiffs were left with no other option but to seek judicial relief.

Plaintiffs, and the large number of small businesses who have supported this lawsuit, are entitled to their day in court, and wish to zealously and promptly pursue their rights and bring an end to the injury they have sustained due to Defendants' statutory violations.

---

[2] *See* https://www.nytimes.com/2019/12/30/business/trump-tax-cuts-beat-gilti.html (last viewed on Sept. 29, 2021). *See also* Senate letter to Former Secretary Mnuchin. https://aboutbtax.com/Od9 (last viewed on Sept. 29, 2021).

WHEREFORE, plaintiffs respectfully request that the Court expedite its ruling on the pending Motion.

Respectfully submitted,

Date: Sept. 29, 2021.

/s/ *Lawrence Marc Zell*

_____
Lawrence Marc Zell (DC Bar # 959437)
Noam Schreiber, *of counsel*
**ZELL & ASSOCIATES INTERNATIONAL ADVOCATES LLC**
1345 Ave. of the Americas,
2nd Floor,
New York, NY 10105

*Counsel for Plaintiffs*